STATE of Iowa, Appellant,

v.

Steven Richard WEST, Appellee.

No. 89–66.

Supreme Court of Iowa.

Oct. 18, 1989.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Sp. Asst. Atty. Gen., and Daniel W. Perkins, Asst. Atty. Gen., for appellant.

George F. Hoffman, III, of Hoffman Law Firm, Leon, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and SNELL, JJ.

NEUMAN, Justice.

The district court adjudicated Steven West a habitual offender after he accumulated three operating while intoxicated (OWI) offenses in a six-year period in violation of Iowa Code section 321.555(1).[1] The court then granted West's request for a work permit and directed the Department of Transportation (DOT) to issue him one upon a finding that he had installed an ignition interlock device in his vehicle.[2] On appeal from that part of the order directing the issuance of a work permit, the State contends that such a permit, though available to persons convicted under section 321J.4, is not available to habitual offenders adjudicated under section 321.555(1). We agree, and reverse the district court.

The argument is over the applicability of section 321J.4(8). West apparently persuaded the trial court that because his habitual offender status is premised on three drunk driving offenses prosecuted under chapter 321J, he should be entitled to the "benefits" of that chapter, including the right to petition the court for a temporary restricted license when "necessary to main-

---

1. Unless otherwise indicated, all statutory references are to the 1987 Code of Iowa.

2. This is an instrument designed to "prevent the defendant from operating the motor vehicle with an alcohol concentration greater than a level set by rule of the commissioner of public safety." Iowa Code § 321J.4(7).

tain the person's employment." *See* Iowa Code § 321J.4(8). The State, on the other hand, points out that West's current status is that of a habitual offender under section 321.555(1) and that whatever rights he may have to special driving permits must be strictly limited to those provided under sections 321.555 to 321.562.

The State has the better argument. West's right, if any, to a work permit is purely statutory. *State v. Iowa District Court for Clayton County,* 419 N.W.2d 398, 399 (Iowa 1988). In *Clayton County,* we noted that the court's authority to order the issuance of work permits to habitual offenders derives from section 321.215. *Clayton County,* 419 N.W.2d at 399. On its face, that statute plainly limits the granting of work permits to drivers whose licenses have been revoked "under section 321.209, subsections (6) and (7), 321.210 or *321.555, subsection (2).*" Iowa Code § 321.215 (emphasis added). Thus we held in *Clayton County,* that "[a]s far as the habitual offender statute, section 321.-555, is concerned, the only authority the court has to grant a work permit is for offenders defined by subsection (2)". *Clayton County,* 419 N.W.2d at 399. West, like the driver in *Clayton,* has been adjudicated a habitual offender under section 321.555 subsection (1), not subsection (2).

Nor does the fact that the court conditioned West's work permit on the installation of an ignition interlock device prompt us to depart from our holding in *Clayton County.* The statute giving rise to West's claimed right to a restricted license is section 321J.4(8). By its terms, that statute clearly limits the availability of work permits and restricted licenses to those persons whose licenses have been revoked "under this chapter." *See* Iowa Code § 321J.4(8). Though West's license was no doubt suspended or revoked at some time under chapter 321J as a result of his history of drunk driving, his current revocation stems from his adjudication as a habitual offender under section 321.555, *not* under chapter 321J.

In reaching these conclusions, we are guided by the rule that our task is to give effect to the intent of the legislature, and to harmonize interrelated statutes, if possible. *State v. Bessenecker,* 404 N.W.2d 134, 137 (Iowa 1987). When statutes are plain, we need not search for meaning beyond their express terms. *Clayton County,* 419 N.W.2d at 399. Legislative intent may be expressed by omission as well as inclusion. *Casteel v. Iowa DOT,* 395 N.W.2d 896, 898 (Iowa 1986).

We think the statutes under consideration, taken together, express a legislative intent to limit the availability of work permits to strictly prescribed circumstances. That intent is revealed by section 321J.4's specific reference to revocations "under this chapter;" section 321.215's precise reference to revocations under subsection (2) of section 321.555, to the exclusion of subsection (1); and the failure of the legislature to make special work permit provisions for habitual offenders whose accumulated offenses stem from alcohol-related driving rather than other types of vehicular crime.

The district court overlooked these legislative signals and read into section 321.555 a benefit that does not exist. The order of the court directing the DOT to issue West a work permit upon the installation of an ignition interlock device must be reversed.

REVERSED.