**STATE of Iowa, Appellee,**

v.

**Galen James MEHMEN, Appellant.**

No. 89–474.

Court of Appeals of Iowa.

Feb. 22, 1990.

John M. Heckel of Holden, Steggall & Hecker, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Acting Deputy Atty. Gen., Ted Metier, Asst. Atty. Gen., and Susan J. Flaherty, Asst. County Atty., for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Defendant was convicted of operating a motor vehicle while under the influence pursuant to Iowa Code section 321J in 1986. Subsequent to that he was convicted of a second OWI violation on March 31, 1988. He was convicted of a violation of Iowa Code section 321J.21 (driving while license is under suspension) on September 30, 1988. The State filed for a court-ordered prohibition of defendant's driving privileges pursuant to Iowa Code section 321.559. On January 9, 1989, the Bremer County District Court issued a temporary restricted license to the defendant. Following the issuance of that license, the Linn County District Court, on March 7, 1989, found defendant to be an habitual offender and prohibited him from driving for two years pursuant to section 321.559.

Defendant asserts the Bremer County court order granting him a temporary restricted license pursuant to Iowa Code section 321J.4(8) overrides the later Linn County order barring him from operating a motor vehicle pursuant to Iowa Code section 321.559. He argues section 321J.4(8) allows a temporary restricted license to be granted regardless of his adjudication as an habitual offender. Our review is for the correction of errors at law. Iowa R.App.P. 4.

Our supreme court has previously recognized a court's authority to grant a temporary restricted license to an habitual offender is governed by Iowa Code section 321.215. *State v. Iowa District Court for Clayton County*, 419 N.W.2d 398, 399 (Iowa 1988). That statute implicitly prohibits the issuance of work permits for individuals like defendant who are found to be habitual offenders under section 321.555(1). *Id.*

Defendant contends the legislature's adoption of section 321J.4(8) [1] expands a court's authority to issue temporary re-

1. Effective July 1, 1988.

stricted licenses to habitual offenders. Our supreme court recently addressed the interplay of sections 321.555(1) and 321J.4(8) in *State v. West,* 446 N.W.2d 777 (Iowa 1989). It concluded a special work permit under section 321J.4(8) was not available to one adjudicated as an habitual offender under section 321.555(1). *West,* 446 N.W.2d at 777. The court examined the language of section 321J.4(8) which makes it applicable to revocations "under this chapter," and it concluded the legislature had not intended to expand a court's authority to issue temporary permits to habitual offenders beyond that already established in section 321.215. *Id.* at 778.

■ As of January 9, 1989, defendant had not yet been adjudicated an habitual offender and his license was revoked under Chapter 321J. On that date, and under those circumstances, the Bremer County District Court had authority to issue him a temporary restricted license pursuant to section 321J.4(8). However, when defendant was subsequently adjudicated an habitual offender, he was required to surrender to the court all licenses or permits to operate a motor vehicle upon the highways of this state. Iowa Code § 321.559.

■ While defendant's license was no doubt revoked at an earlier time under Chapter 321J, his *current* revocation stems from his adjudication as an habitual offender under section 321.555(1), not under Chapter 321J. *West,* 446 N.W.2d at 778. As an habitual offender under section 321.-555(1), the district court had no authority to issue defendant a temporary license. *Clayton County,* 419 N.W.2d at 399; Iowa Code § 321.215(1).

The Linn County District Court correctly declined to issue defendant a temporary restricted license, and pursuant to his adjudication as an habitual offender, defendant was compelled to surrender the temporary permit issue by the Bremer County District Court. The decision of the district court is affirmed.

AFFIRMED.