**STATE of Iowa, Appellee,**

v.

**Joseph Eric FUNKE, Appellant.**

**No. 94–465.**

Supreme Court of Iowa.

April 26, 1995.

Richard O. McConville of Coppola, Sandre & McConville, P.C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Mary Tabor, Asst. Atty. Gen., and Willard W. Olesen, County Atty., for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

Iowa Code chapter 321 (1993) provides increasingly lengthy suspensions for drivers who persist in committing traffic violations. Pursuant to authority granted by section 321.210, the department of transportation may administratively suspend the license of any operator who accumulates three or more moving violations within one year. *See* 761 Iowa Admin.Code 615.13(1). For six or more violations within a two-year period, Iowa Code section 321.560 directs the district court to declare the offending driver an habitual offender (as defined by section 321.555(2)) and to enter judgment barring driving privileges for no less than one year. Finally, Iowa Code sections 321.555(1) and 321.560 authorize barment from two to six years for any driver who has accumulated three or more serious offenses—such as operating while intoxicated or manslaughter—within a six-year period.

Appellant Joseph Eric Funke, then sixteen years of age, had his license suspended for 150 days pursuant to section 321.210 and 761 Iowa Administrative Code 615.13(1). The suspension period corresponded to that authorized for an accumulation of five convictions in a twelve-month period, although it appears from the record that he in fact had six convictions at that time.[1] *See* 761 Iowa Admin.Code 615.13(2) (providing suspensions from ninety days to one year depending on number of violations). Before he completed his suspension he was cited for driving under suspension. *See* Iowa Code § 321.218.

Following his suspension, Funke purchased the required SR–22 insurance and his license was reinstated. Shortly thereafter, however, the State commenced this action to bar him from driving for another year under the habitual violator statute, Iowa Code sections 321.555(2) to 321.562.

Funke argued before the trial court, and urges on appeal, that the proceedings under section 321.555(2) should be dismissed because they duplicate the punishment he previously received under Iowa Code section 321.210. In the alternative he claims that the State's action violates the doctrine of election of remedies. The district court rejected these arguments and ordered Funke's license suspended pursuant to section 321.560. We affirm.

## I. *Double Jeopardy.*

■ Funke rests his first argument on application of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We review such constitutional claims de novo. *State v. Lewis*, 514 N.W.2d 63, 68 (Iowa 1994).

■ It is widely recognized that the Double Jeopardy Clause protects defendants against multiple punishments for the same offense. *See Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. ——, —— n. 1, 114 S.Ct. 1937, 1941 n. 1, 128 L.Ed.2d 767, 773 n. 1 (1994); *State v. Gallup,*

500 N.W.2d 437, 441 (Iowa 1993); *State v. McKettrick*, 480 N.W.2d 52, 56 (Iowa 1992). Recognizing that both of Funke's license suspensions stem from most—if not all—of the same traffic offenses, we must first decide whether the suspension of driving privileges constitutes "punishment" triggering application of double jeopardy principles.

■ The United States Supreme Court has ruled that punishment under double jeopardy analysis may arise from either civil or criminal proceedings. *United States v. Halper*, 490 U.S. 435, 443, 109 S.Ct. 1892, 1899, 104 L.Ed.2d 487, 498 (1989). The determination turns, not on the nature of the underlying proceeding, but on the purpose actually served by the sanction. *Id.* at 447 n. 7, 109 S.Ct. at 1901 n. 7, 104 L.Ed.2d at 501 n. 7. When a civil sanction, as applied in an individual case, can only be said to serve the twin goals of punishment—deterrence and retribution—then it must fairly be regarded as triggering the protection of the Double Jeopardy Clause. *Id.* at 448–49, 109 S.Ct. at 1901–02, 104 L.Ed.2d at 501–02. Conversely, a civil sanction that serves principally a remedial purpose does not subject a defendant to the hazards otherwise safeguarded by the Fifth Amendment's protection against multiple punishments. *Id.* at 448, 109 S.Ct. at 1901, 104 L.Ed.2d at 502.

This court has traditionally regarded the civil proceedings under our habitual offender statute as remedial, not punitive, in nature. We have repeatedly observed that the license suspension of habitual offenders is designed "not to punish the offender, but to protect the public." *State v. Marvin*, 307 N.W.2d 10, 12 (Iowa 1981). *See State v. Peterson*, 347 N.W.2d 398, 402 (Iowa 1984) (Section 321.555 "is designed to protect the public from those drivers who refuse to observe the rules of prudence and safety.") (quoting *State v. Thomas*, 275 N.W.2d 422, 423 (Iowa 1979)); *accord State v. Pettit*, 360 N.W.2d 833, 836 (Iowa 1985) (statute keeping habitual offenders off the road directed at public safety

1. Funke's violations included:

| | |
|---|---|
| Failure to have control | 03–07–92 |
| Violation of school license | 08–23–92 |
| Violation of restricted license | 11–12–92 |
| Violation of school license | 11–14–92 |
| Speed—70–55 | 02–02–93 |
| Speed—50–30 | 02–06–93 |

more than punishment); *see also Danner v. Hass,* 257 Iowa 654, 662, 134 N.W.2d 534, 540 (1965) (habitual offender suspension designed to alleviate hazards associated with highway dangers).

We are not persuaded to depart from this historic characterization of the habitual offender statute as primarily remedial, rather than punitive, in nature. But even if a license suspension or habitual offender adjudication were viewed as penal consequences, Funke could not thereby claim double jeopardy protection as a matter of law. No double jeopardy violation occurs if the legislature intends multiple punishments for the same offense. *Missouri v. Hunter,* 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, 543–44 (1983); *Lewis,* 514 N.W.2d at 69. In *Lewis,* for example, we determined from the language of the pertinent statutes that the legislature intended "double punishment" for criminal acts that violate both the substantive law (*e.g.,* terrorism) as well as the law against criminal gang participation. *Id.* So also here, we discern a clear legislative intent to make wayward drivers accountable with increasingly severe sanctions—even though subsequent sanctions necessarily rest on earlier violations for which the driver may have already been individually "penalized."

The State's response to Funke's driving record merely advances this legislative purpose. When first suspended in administrative proceedings, Funke's record revealed six relatively minor traffic violations within a one-year period. Such a record would have justified an action under section 321.555(2). Nevertheless, the State elected to pursue only the lesser penalty of 150 days administrative suspension under section 321.210. When this administrative suspension proved insufficient to deter Funke from committing yet another violation—driving under suspension—the State's response by way of an habitual offender petition was clearly authorized by section 321.555(2). Moreover, the court's subsequent judgment was virtually compelled by the statute. *See State v. Landals,* 465 N.W.2d 660, 662 (Iowa 1991) (court authorized to dismiss habitual offender petition only if defendant is not person named in

abstract of driving record or record does not disclose requisite number of offenses).

No error warranting reversal appears.

## II. *Election of Remedies.*

Funke claims in the alternative that he is entitled to equitable relief under the doctrine of election of remedies. Clearly the doctrine has no application here. Aside from the fact that one who claims such relief must approach the court with "clean hands," *see Myers v. Smith,* 208 N.W.2d 919, 921 (Iowa 1973), Funke failed to tender proof on the doctrine's three elements: (1) existence of two or more remedies, (2) inconsistency between them, and (3) an intelligent and intentional choice of one of them. *See State v. Halverson,* 362 N.W.2d 501, 503 (Iowa 1985). In particular, Funke cannot sustain his claim that his suspensions under section 321.210 and section 321.555 are inconsistent. As noted in division I above, these remedies merely fall along a continuum of increasingly lengthy suspensions for repeated traffic violations that accumulate within prescribed time frames. In both the earlier and later proceedings, the State sought nothing other than to remove a dangerous driver from our state's highways. No inconsistency appears which would warrant application of the equitable relief Funke seeks.

The decision of the district court adjudicating Joseph Funke an habitual offender under Iowa Code section 321.555(2) must be affirmed.

**AFFIRMED.**