**IOWA DEPARTMENT OF
TRANSPORTATION,
Plaintiff,**

v.

**IOWA DISTRICT COURT FOR
POWESHIEK COUNTY,
Defendant.**

No. 94–819.

Supreme Court of Iowa.

April 26, 1995.

Thomas J. Miller, Atty. Gen., and Carolyn J. Olson, Asst. Atty. Gen., for plaintiff.

Thomas A. Lacina of Charnetski, Olson, Lacina & Pendleton, P.C., Grinnell, for defendant.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, SNELL, and TERNUS, JJ.

PER CURIAM.

The district court adjudicated Dale Bahrenfuss an habitual traffic offender under Iowa Code section 321.555(2) (1993) even though Bahrenfuss also met the requirements for an habitual offender under section 321.555(1). The court ordered the department of transportation (department) to issue Bahrenfuss a temporary restricted license pursuant to Iowa Code section 321.215(2). The department brought this certiorari action challenging the district court's habitual offender determination and the order to issue a temporary restricted license. The department's petition for writ of certiorari was granted. We sustain the writ.

On January 18, 1994, the Poweshiek county attorney filed a petition for an habitual offender determination under section 321.555(1) against Dale Bahrenfuss. The abstract of conviction record attached to the application showed that within a six-year period Bahrenfuss had two convictions for driving while under suspension or revocation and one conviction for operating while intoxicated (OWI) thus qualifying him as an habitual traffic offender under section 321.555(1).

The county attorney and Bahrenfuss subsequently entered into a stipulation under which Bahrenfuss agreed to be adjudicated an habitual offender under section 321.555(2), which would permit him to apply for a temporary restricted license. On the basis of the stipulation, the district court entered an order determining that Bahrenfuss was an habitual traffic offender under section 321.555(2) and directed the department to grant him a temporary restricted license.

■ The department filed this petition for writ of certiorari challenging the district court's authority to adjudicate Bahrenfuss an habitual offender under subsection two of section 321.555 when he qualified for a determination under subsection one. Certiorari lies when the district court has exceeded its jurisdiction or has acted illegally. Iowa R.Civ.P. 306; *Whitlock v. Iowa Dist. Court,* 497 N.W.2d 891, 893 (Iowa 1993). "Illegality exists when the findings on which the court has based its conclusions of law do not have substantial evidentiary support or when the court has not applied the proper rule of law." *Id.* Unless otherwise specially provided by statute, the judgment on certiorari is limited to sustaining the proceedings below, or annulling them wholly or in part, to the extent that they were illegal or in excess of jurisdiction. Iowa R.Civ.P. 316.

The parties do not dispute that if Bahrenfuss must be adjudicated an habitual offender under section 321.555(1), he is ineligible for a temporary restricted license. *See State v. Iowa Dist. Court,* 488 N.W.2d 174, 175–76 (Iowa 1992) (district court without authority to order issuance of a work permit when section 321.555(1) habitual offender determination is not based solely on OWI chapter).

The issue presented is whether a subsection one habitual offender determination precludes a determination under subsection two. We conclude it does.

Section 321.555 provides:

As used in this division, *"habitual offender"* means any person who has accumulated convictions for separate and distinct offenses described in subsection 1, 2, or 3, committed after July 1, 1974, for which final convictions have been rendered as follows:

1. Three or more of the following offenses, either singularly or in combination, within a six-year period:

a. Manslaughter resulting from the operation of a motor vehicle.

b. Operating a motor vehicle in violation of section 321J.2 or its predecessor statute.

c. Driving a motor vehicle while the person's motor vehicle license is suspended or revoked.

d. Perjury or the making of a false affidavit or statement under oath to the department of public safety.

e. An offense punishable as a felony under the motor vehicle laws of Iowa or any felony in the commission of which a motor vehicle is used.

f. Failure to stop and leave information or to render aid as required by sections 321.261 and 321.263.

2. Six or more of any separate and distinct offenses within a two-year period in the operation of a motor vehicle, which are required to be reported to the department by section 321.491 ["any provision of this chapter or other law regulating the operation of vehicles on highways"] or chapter 321C [interstate drivers license compacts], except equipment violations, parking violations as defined in section 321.210, violations of registration laws, violations of sections 321.445 and 321.446, operating a vehicle with an expired license or permit, failure to appear, weights and measures violations and speeding violations of less than fifteen miles per hour over the legal speed limit.

■ Proceedings to determine whether a person is an habitual traffic offender are civil actions. *State v. Peterson*, 347 N.W.2d 398, 400 (Iowa 1984). The legislature has charged the department with the task of certifying to the local county attorney the abstracts of convictions of any person who appears to be an habitual offender. Iowa Code § 321.556. The county attorney is then charged with filing a petition against the person named in the abstract. *Id.* The district court is then to determine whether the defendant is the person named in the abstract and, if so, the court "shall by appropriate judgment direct that such person not operate a motor vehicle on the highways of this state for the period specified in section 321.560 [two to six years for adjudication under subsection one; one year for adjudication under subsection two]." Iowa Code § 321.559.

The department argues that the district court is required to adjudicate a person an habitual offender under subsection one if the person meets the requirements therein. We agree. This court has stated that "[w]hen the district court finds at the conclusion of a show cause hearing that a person is a [subsection one] habitual offender, the court is *required* to enter an appropriate judgment revoking the person's operator's license for a period of not less than two nor more than six years." *Peterson*, 347 N.W.2d at 400 (emphasis added). This court has also concluded that where the defendant did not contest that she was the person named in the abstract of conviction and where the district court found that she was convicted of three OWI offenses between 1985 and 1989, "the court *had only one option:* to adjudicate Landals an habitual offender under section 321.555(1)." *State v. Landals*, 465 N.W.2d 660, 662 (Iowa 1991) (emphasis added).

■ We disagree with Bahrenfuss's contention that the county attorney has discretion over which type of adjudication to pursue. The purpose of the habitual traffic offender statute is " 'to protect the public from those drivers who refuse to observe the rules of prudence and safety.' " *Peterson*, 347 N.W.2d at 402 (quoting *State v. Thomas*, 275 N.W.2d 422, 423 (Iowa 1979)). The offenses

listed in subsection one are serious in nature (*i.e.*, vehicular manslaughter, OWI, driving while revoked, motor vehicle felonies, etc.) and an adjudication thereunder leads to a revocation of the habitual offender's license for two to six years. However, an adjudication under subsection two leads only to a one-year revocation. Iowa Code § 321.560. The statutory scheme evidences a legislative intent to distinguish these subsections based on the relative seriousness of the offenses listed and corresponding hazards posed to the public. To interpret this scheme as allowing the county attorney to file a petition under subsection two when the driver has been convicted of the more serious offenses listed in subsection one would thwart that legislative intent. Moreover, it could lead to absurd and inconsistent results. For example, a driver with six vehicular manslaughter convictions in a two-year period could be adjudicated an habitual offender under subsection two, resulting in a license revocation of only one year; another driver with three vehicular manslaughter convictions in a six-year period could be adjudicated a subsection one habitual offender with a resulting six-year license revocation. Such possibilities offend the rule of statutory construction that the court is to avoid strained, impractical, or absurd results. *Peterson,* 347 N.W.2d at 402.

Additionally, we find the statutory provisions mandatory in nature and not subject to a construction which would authorize county attorney discretion. *See* Iowa Code § 331.756 ("County attorney shall: ... (58) At the request of the director of transportation, petition the district court to enforce the habitual offender law as provided in section 321.556."); Iowa Code § 321.556 (upon receiving abstract, the county attorney "shall file a petition"); *Schmidt v. Abbott,* 261 Iowa 886, 890, 156 N.W.2d 649, 651 (1968) ("When addressed to a public official the word 'shall' is ordinarily mandatory."); Iowa Code § 4.1(30)(a) (1995) (unless legislature specifically provides otherwise, "shall" imposes a duty).

In light of the foregoing, we conclude that if a person fits within the description of a subsection one habitual traffic offender, that person cannot be adjudicated an habitual of-

fender under subsection two. This construction of section 321.555 promotes the public safety purpose and the legislature's apparent intent to differentiate between types of habitual offenders.

We hold the district court did not have authority to adjudicate Bahrenfuss an habitual offender under section 321.555(2) because Bahrenfuss qualified as an habitual offender under section 321.555(1). Consequently, the order to issue a temporary restricted license was also erroneous.

We sustain the writ and vacate the district court's habitual offender adjudication under section 321.555(2) and its order to the department to issue a temporary restricted license to Bahrenfuss.

**WRIT SUSTAINED.**