STATE of Iowa, Appellee,

v.

**Vicky Lynn KOCHER, Appellant.**

STATE of Iowa, Appellant,

v.

**James Leo HOEFING, Appellee.**

No. 95–348.

Supreme Court of Iowa.

Jan. 17, 1996.

Priscilla E. Forsyth, Milford, for appellant Vicky Lynn Kocher.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, and James J. Koll, Webster County Attorney, Michael L. Zenor, Clay County Attorney, and Michael Houchins, Assistant Clay County Attorney, for State of Iowa.

Robert M. Sherman, Fort Dodge, for appellee James Leo Hoefing.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

The narrow issue in these consolidated appeals is whether the double jeopardy provision of the Fifth Amendment to the United States Constitution bars prosecution of a defendant in an OWI case if the defendant's license has previously been suspended through administrative proceedings.[1] We conclude that it does not.

---

1. Defendant Kocher also suggests that article I, section 12 of the Iowa Constitution and Iowa Code § 816.1 (1993) are implicated. However, she does not develop an argument along these lines. At any rate, these Iowa provisions are aimed at multiple *prosecutions*, not multiple punishments, as are claimed in Kocher's case.

Vicky Kocher was arrested on August 13, 1994, and charged with operating while intoxicated. Her blood tested .137 for alcohol. On August 19, 1994, Kocher's license was revoked because her blood alcohol exceeded .100. *See* Iowa Code § 321J.12 (1993). Based on this revocation, Kocher moved to dismiss her OWI case on double jeopardy grounds. Judge Schaefer denied her motion. She was convicted and appealed.

James Hoefing was arrested on November 14, 1994, and tested .123. His license was revoked on November 19, and he filed a similar motion to dismiss. Judge Breen dismissed the OWI case, and the State appealed. The Kocher and Hoefing cases were consolidated for appeal.

The defendants' argument is that the revocation of their drivers' licenses under Iowa Code section 321J.12 and their later prosecutions for OWI under Iowa Code section 321J.2 are based on the same incidents and are both "punishments" under the Fifth Amendment. Therefore, their prosecutions are barred by the Double Jeopardy Clause (no person shall "be subject for the same offense to be twice put in jeopardy of life or limb....").

The issue of whether a license revocation is "punishment" for these purposes has been, until recently, simply answered by reference to the type of proceeding. We looked to see if the proceedings were civil or criminal. If the proceedings were civil, we held that double jeopardy was not involved. *See State v. Funke*, 531 N.W.2d 124, 127 (Iowa 1995) (citing *State v. Marvin*, 307 N.W.2d 10, 12 (Iowa 1987) (discussing earlier cases)).

The defendants rely primarily on three recent Supreme Court cases that they claim changed this rule, although they did not involve license revocations. Those cases are *Department of Revenue v. Kurth Ranch*, 511 U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) (high tax imposed after fine held to be punishment); *Austin v. United States*, 509 U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (excessive fines clause of Eighth Amendment held to apply to drug-related forfeitures); *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487

(1989) ($130,000 civil sanction imposed after $5000 fine held to be punishment).

In determining whether a license revocation is punitive for double jeopardy purposes, the impact of the State's action on the particular licensee is not controlling. As the Supreme Court has observed, "even remedial sanctions carry the sting of punishment" to the person affected. *Halper*, 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7, 104 L.Ed.2d at 501 n. 7.

In *Funke*, we rejected a double jeopardy claim based on an administrative revocation for habitual traffic offenders under Iowa Code sections 321.555(2) to 321.562 (1993). After considering *Kurth Ranch* and *Halper*, we stated:

> The determination [of whether the revocation is punitive] turns, not on the nature of the underlying proceeding[, *i.e.*, civil or criminal], but on the purpose actually served by the sanction. When a civil sanction as applied in an individual case can only be said to serve the twin goals of punishment—deterrence and retribution—then it must fairly be regarded as triggering the protection of the Double Jeopardy Clause. Conversely, a civil sanction that serves principally a remedial purpose does not subject a defendant to the hazards otherwise safeguarded by the Fifth Amendment's protection against multiple punishments.

*Funke*, 531 N.W.2d at 126 (citations omitted). We noted that habitual offender revocations are designed to protect the public from drivers who habitually refuse to obey the rules of the road—not to punish the offender. *Id.*

These defendants distinguish *Funke* because that case involved revocation based on multiple offenses. They argue that in habitual offender cases the need for protection of the public is greater, and the revocation is more clearly remedial. In contrast, revocations under the implied consent law are based on a single act—the same act that results in the filing of the criminal charge. Under these circumstances, the defendants argue, the case for characterizing the revocation as remedial is substantially weakened.

Despite these distinctions, we believe *Funke* is controlling. We have said, in cases not involving double jeopardy questions, that "the purpose of the Implied Consent Law is to reduce the holocaust on our highways part of which is due to the driver who imbibes too freely of intoxicating liquor." *Severson v. Sueppel*, 260 Iowa 1169, 1174, 152 N.W.2d 281, 284 (1967); *accord State v. Green*, 470 N.W.2d 15, 18 (Iowa 1990); *State v. Schlemme*, 301 N.W.2d 721, 723 (Iowa 1981).

The defendants contend that, even if *one* of the purposes of a section 321J.12 revocation is remedial, that is not the section's *sole* purpose. Therefore, it must be deemed to be punitive. They rely on this sentence from *Halper*:

> From these premises, it follows that a civil sanction that cannot fairly be said *solely* to serve a remedial purpose, but rather can *only* be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term.

490 U.S. at 448–49, 109 S.Ct. at 1901–02, 104 L.Ed.2d at 502 (emphasis added).

While this sentence appears to give some support to the defendants' contention, the actual holding in *Halper* does not:

> We therefore hold that under the Double Jeopardy Clause a defendant who has already been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not *fairly be characterized as remedial*, but only as a deterrent or retribution.

*Id.* at 448, 109 S.Ct. at 1901, 104 L.Ed.2d at 502 (emphasis added).

■ Applying this test, as also enunciated in *Funke*, we conclude that our revocation statute under implied consent may fairly be characterized as remedial and that a revocation under section 321J.12 and a subsequent OWI prosecution do not offend double jeopardy principles. In *Kurth Ranch, Austin*, and *Halper*, the sanctions imposed were not as clearly addressed to public safety as those in the present case. They are therefore distinguishable. This case must also be distinguished from *Dressler v. Iowa Depart-*

*ment of Transportation*, 542 N.W.2d 563 (Iowa 1996), decided today, in which we hold that the State's action was punitive, not remedial.

Other states have considered the issue and have agreed that an administrative license revocation does not constitute "punishment" for double jeopardy purposes. *See, e.g., State v. Zerkel*, 900 P.2d 744 (Alaska App. 1995); *Baldwin v. Department of Motor Vehicles*, 35 Cal.App. 4th 1630, 42 Cal.Rptr.2d 422 (1st Dist.1995); *Davidson v. MacKinnon*, 656 So.2d 223 (Fla.App.1995); *State v. Higa*, 79 Hawaii 1, 897 P.2d 928 (1995); *State v. Savard*, 659 A.2d 1265 (Me.1995); *State v. Jones*, 340 Md. 235, 666 A.2d 128 (1995); *State v. Parker*, 538 N.W.2d 141 (Minn.App.1995) (180–day license revocation); *State v. Hanson*, 532 N.W.2d 598 (Minn.App.1995) (ninety-day license revocation); *State v. Young*, 3 Neb.App. 539, 530 N.W.2d 269 (1995); *State ex rel. Schwartz v. Kennedy*, 120 N.M. 619, 904 P.2d 1044 (1995); *State v. Zimmerman*, 539 N.W.2d 49 (N.D. 1995).

The Supreme Judicial Court of Maine has concluded that their revocation scheme is remedial for double jeopardy purposes, even though it also has punitive and deterrent effects:

> [W]e conclude that any punitive or deterrent purpose served by the suspension of an operator's driver's license following an arrest for OUI is merely incidental to the overriding purpose intended by the legislature to provide the public with safe roadways. Although we acknowledge that any suspension may have a deterrent effect on the law-abiding public our analysis does not focus on that perspective. In the eyes of the defendant even remedial sanctions may carry a "sting of punishment."

*Savard*, 659 A.2d at 1268 (citation omitted).

■ We hold that a revocation under Iowa Code section 321J.12 does not constitute punishment for double jeopardy purposes. We affirm in the Kocher appeal and reverse and remand for further proceedings in the Hoefing case.

AFFIRMED ON KOCHER APPEAL; REVERSED AND REMANDED ON HOEFING APPEAL.