**STATE of Iowa, Appellee,**

v.

**Michael John VOGEL, Appellant.**

No. 95–840.

Supreme Court of Iowa.

May 22, 1996.

Brent D. Rosenberg of the Rosenberg Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, and J. Patrick White, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

PER CURIAM.

Michael Vogel appeals, arguing that his conviction for operating while intoxicated (OWI), third offense, following the administrative revocation of his driver's license for refusing to submit to chemical testing violates the Double Jeopardy Clause's prohibition against multiple punishments. We affirm.

I. *Scope of Review.*

■ Because Vogel raises a constitutional claim, this court's review is de novo. *State v. Funke*, 531 N.W.2d 124, 126 (Iowa 1995).

II. *Factual Background.*

Police went to Vogel's residence in response to a domestic abuse call. There, officers detected the smell of alcoholic beverages about Vogel's person. When Vogel attempted to drive away from the residence, officers stopped him. Vogel was arrested for OWI. He refused to submit to chemical testing and was, therefore, served with notice of a 540–day license revocation. Vogel did not challenge this administrative revocation.

Vogel was charged with third-offense OWI, in violation of Iowa Code section 321J.2 (1993). Almost seven months later and just prior to trial, Vogel moved to dismiss the prosecution. He contended the earlier administrative revocation constituted punishment for double jeopardy purposes and, consequently, this prosecution was barred. The State resisted on both timeliness, *see* Iowa R.Crim.P. 10(2)(a), 10(4) (certain pretrial motions to be filed no later than forty days after arraignment), and substantive grounds. The district court denied the motion to dismiss on

the merits. Vogel was convicted as charged and now appeals.[1]

## III. *Discussion.*

No person shall "be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. The protections against double jeopardy are enforceable against the states through the Fourteenth Amendment to the United States Constitution. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 716 (1969). The Double Jeopardy Clause is violated when multiple punishments occur for the same offense.[2] *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969); *State v. Butler*, 505 N.W.2d 806, 807 (Iowa 1993). Vogel maintains he has been unconstitutionally twice punished.

Iowa Code section 321J.9 provides in part:

If a person refuses to submit to chemical testing, ... the department, upon the receipt of the peace officer's certification ... that the officer had reasonable grounds to believe the person to have been operating a motor vehicle in violation of section 321J.2, ... shall revoke the person's motor vehicle license ... for a period of ... five hundred forty days if the person has one or more previous revocations within the previous six years....

Vogel argues that the section 321J.9 revocation is punishment for double jeopardy purposes and, since he has already thereby been punished, this subsequent OWI prosecution is barred. In *State v. Kocher*, 542 N.W.2d 556 (Iowa 1996), this court held that an administrative license revocation under Iowa Code section 321J.12 (chemical testing indicates one's blood alcohol content exceeds the statutory limit) does not constitute punishment for double jeopardy purposes. We now consider whether an administrative license revocation for failure to submit to chemical testing under Iowa Code section 321J.9 requires a different result.

Citing *United States v. Halper*, Vogel argues that if a civil sanction is not "solely" remedial, double jeopardy analysis is triggered. *See Halper*, 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487, 502 (1989). We rejected an identical argument in *Kocher*, 542 N.W.2d at 558. There, we noted that the actual holding in *Halper* was:

"We therefore hold that under the Double Jeopardy Clause a defendant who has already been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not *fairly be characterized as remedial*, but only as a deterrent or retribution."

*Id.* (quoting *Halper*, 490 U.S. at 448, 109 S.Ct. at 1902, 104 L.Ed.2d at 502). Thus, if the section 321J.9 revocation may fairly be characterized as remedial, double jeopardy principles do not preclude a subsequent OWI prosecution.

" '[T]he purpose of the Implied Consent Law is to reduce the holocaust on our highways part of which is due to the driver who imbibes too freely of intoxicating liquor.' " *Kocher*, 542 N.W.2d at 558 (quoting *Severson v. Sueppel*, 260 Iowa 1169, 1174, 152 N.W.2d 281, 284 (1967) (a failure to consent to chemical testing case)). This court has consistently reaffirmed this remedial purpose. *See Shriver v. Iowa Dep't of Transp.*, 430 N.W.2d 921, 924 (Iowa 1988) (Construing implied consent statute as urged would encourage licensees to delay and "would result in frustration of *the primary purpose behind chapter 321J, which is to promote public safety by removing dangerous drivers from the highways.*") (emphasis added); *Downing v. Iowa Dep't of Transp.*, 415 N.W.2d 625, 628 (Iowa 1987) (removing dangerous, intoxicated drivers is main legislative goal); *Veach v. Iowa Dep't of Transp.*, 374 N.W.2d 248, 250 (Iowa 1985) ("*The State's interest in public safety* is sub-

---

1. The State argues that Vogel waived this challenge by failing to file a timely motion to dismiss. We pass this issue and reach the merits.

2. The Double Jeopardy Clause, of course, also protects against a second prosecution for the same offense after acquittal and a second prosecution for the same offense after conviction. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 665 (1969); *State v. Butler*, 505 N.W.2d 806, 807. Those protections are not implicated here.

stantially served by treating people who refuse chemical testing differently from people who submit to testing.") (emphasis added); *Taylor v. Iowa Dep't of Transp.*, 260 N.W.2d 521, 523 (Iowa 1977) ("The *main legislative goal of removing dangerous drivers from the highways* can still be attained when hearings are late.") (emphasis added); *Krueger v. Fulton*, 169 N.W.2d 875, 878 (Iowa 1969) ("The civil license revocation provided for under the Implied Consent Act was *intended to protect the public* from the irresponsible driver and not merely to punish the licensee.") (emphasis added).

Vogel argues that any remedial purpose of the administrative revocation is belied by the following: (1) the statute provides a twenty-day delay between arrest and revocation; (2) a restricted license can be obtained; and (3) those whose licenses are revoked simply drive without a license. He also points out that if revocation has not already occurred, a criminal conviction will result in license revocation. We do not believe these arguments compel a different result than our traditional analysis.

█ It is true the implied consent provisions allow for a twenty-day delay between notice and revocation, *see* Iowa Code §§ 321J.9, .12, and for the issuance of a temporary restricted license, *see id.* §§ 321J.9, .12, .20. However, these provisions are merely a matter of legislative grace because driving is a privilege granted by the state, not a constitutional right. *See Gottschalk v. Sueppel*, 258 Iowa 1173, 1181, 140 N.W.2d 866, 870–71 (1966). No due process rights under the United States Constitution are violated even if a driver has no driving privileges following a summary license revocation. *Downing*, 415 N.W.2d at 628 n. 3 (citing *Dixon v. Love*, 431 U.S. 105, 110, 114–15, 97 S.Ct. 1723, 1726, 1728–29, 52 L.Ed.2d 172, 178, 181 (1977)).

The main purpose of chapter 321J is to promote public safety by removing dangerous drivers from the highways. *Shriver*, 430 N.W.2d at 924 (citing *McFee v. Iowa Dep't of Transp.*, 400 N.W.2d 578, 580 (Iowa 1987)). The section 321J.9 revocation promotes that remedial purpose. The longer revocation period imposed for failure to submit to chemical testing encourages drivers to submit to chemical testing, facilitating citizen cooperation in the enforcement of highway safety. *Cf. Veach*, 374 N.W.2d at 250 (equal protection challenge to since-repealed department of transportation rule disqualifying "failure to consent" driver from obtaining a work permit rejected because "[t]he State's interest in public safety is substantially served by treating people who refuse chemical testing differently from people who submit to testing"). A delay in getting dangerous drivers off the road or the fact that some of these dangerous drivers are allowed to drive under certain restricted circumstances does not establish that the implied consent statute can *only* be characterized as a deterrent or retribution under the *Halper* analysis. We conclude the section 321J.9 revocation may fairly be characterized as remedial and, therefore, does not implicate double jeopardy concerns.

█ We also believe Vogel's contention suffers a more fundamental problem. Vogel's license was revoked for failure to submit to chemical testing. His criminal conviction is for driving while intoxicated. Even were we to accept Vogel's claim that the administrative revocation for failing to submit to chemical testing is punishment, it is not punishment for the "same offense" as operating while intoxicated. Consequently, the district court correctly denied Vogel's former jeopardy challenge. *See Citizen's Bank v. Hoyt*, 297 N.W.2d 329, 332 (Iowa 1980) (we affirm on any ground apparent in the record).

IV. *Conclusion.*

Double jeopardy concerns are not implicated when a section 321J.9 administrative revocation is followed by an OWI prosecution. The revocation for failing to submit to chemical testing may fairly be characterized as remedial. Moreover, the two proceedings do not involve the "same offense." We therefore affirm Vogel's third-offense OWI conviction.

**AFFIRMED.**