**IOWA DEPARTMENT OF TRANSPORTATION,**
Plaintiff,

v.

**IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY, Defendant.**

No. 97–2214.

Supreme Court of Iowa.

April 28, 1999.

42

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for plaintiff.

John A. Rodenburg of Rodenburg Law Offices, P.C., Council Bluffs, for defendant.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and CADY, JJ.

PER CURIAM.

The issue raised in this case is whether the statutory scheme regarding the issuance of temporary restricted licenses for habitual offenders pursuant to Iowa Code sections 321.215(2) and 321J.4(8) (1997) is irrational and violated the equal protection clauses of the federal and state constitutions. *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 6. The district court found the statutory scheme unconstitutional. We disagree and sustain the writ of certiorari.

**I. Background Facts and Proceedings.**

The licensee, Paul Daniel, was adjudicated an habitual offender because he had two driving-under-suspension (DUS) convictions and one operating-while-intoxicated (OWI) conviction within a six-year period. *See* Iowa Code § 321.555(1). The bar was effective for three years. He applied for a temporary restricted license with the district court. *See* Iowa Code § 321.215. The district court granted the application.

Thereafter, the department of transportation objected to the issuance of the tempo-rary license. The department acknowledged that section 321.215(2) allows an individual who has been adjudicated an habitual offender for three driving-while-suspended, revoked or barred violations (referred to as DUS/DWB) to apply for a temporary restricted license, and section 321J.4(8) allows an individual who has been adjudged an habitual offender for only OWI violations to apply for a temporary restricted license. The department, however, contended that because Daniel did not meet the qualifications of either statute he was not entitled to a temporary restricted license.

Following a hearing, the district court determined the statutory scheme regarding the issuance of temporary restricted licenses for habitual offenders was unconstitutional as applied to Daniel. The district court found there was no rational basis for treating Daniel differently simply because he had a combination of predicate offenses. It rejected the department's contention that the legislature could have viewed an individual who had been convicted of a combination of OWI and DUS offenses to be a greater risk. The district court concluded the statutes violated equal protection as applied and ordered the department to issue Daniel a temporary restricted license.

The department brought this certiorari action challenging the district court's order. We granted the petition.

The department argues Daniel has not sustained his burden to negate any rational basis for the challenged temporary licensing provisions. Alternatively, the department asserts, if the statutory scheme is unconstitutional, the district court should have declared the statutes unconstitutional rather than ordering it to issue Daniel a temporary restricted license.

Daniel contends that the statutory scheme is unconstitutional as there is no rational reason to treat him differently. He reiterates the district court's conclusion that a person with a combination of DUS and OWI convictions does not pose a greater risk to the public.

## II. Scope of Review.

 This is a certiorari action; therefore, we must determine whether the district court acted illegally or otherwise exceeded its jurisdiction. *See Iowa Dep't of Transp. v. Iowa Dist. Ct.*, 530 N.W.2d 725, 726 (Iowa 1995); Iowa R. Civ. P. 306. Apart from the constitutional issues, our review is therefore for correction of errors at law. *Polk County Sheriff v. Iowa Dist. Ct.*, 594 N.W.2d 421 (Iowa 1999). Because a constitutional claim is raised, our review of the facts is de novo. *Id.*

## III. Is the Challenged Statutory Scheme Unconstitutional as Applied?

 A. Our analysis begins with the basic tenets of equal protection. An equal protection challenge to a refusal of a temporary restricted license will be considered under the traditional rational-basis test. *See Barnes v. Iowa Dep't of Transp.*, 385 N.W.2d 260, 264 (Iowa 1986). The test for equal protection has been previously set forth by this court as follows:

> [T]he classification must be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest. It does not deny equal protection simply because in practice it results in some inequality; practical problems of government permit rough accommodations; and the classification will be upheld if any state of facts reasonably can be conceived to justify it.

*State v. Bell*, 572 N.W.2d 910, 912 (Iowa 1997) (quoting *Lunday v. Vogelmann*, 213 N.W.2d 904, 907 (Iowa 1973)). The class distinction will survive if it rationally furthers a legitimate state interest. *Barnes*, 385 N.W.2d at 264. Furthermore, there is no requirement that "all evils of the same genus be eradicated or none at all." *See McMahon v. Iowa Dep't of Transp.*, 522 N.W.2d 51, 57 (Iowa 1994) (quoting *Railway Express Agency v. People of the State of New York*, 336 U.S. 106, 110, 69 S.Ct. 463, 466, 93 L.Ed. 533, 539 (1949)).

 All persons need not be treated alike to meet constitutional standards for equal protection. *Bell*, 572 N.W.2d at 912.

The legislature may adopt certain procedures for one class and different procedures for another so long as the classifications are reasonable, and similarly situated persons are treated equally. *Knowles v. Iowa Dep't of Transp.*, 394 N.W.2d 342, 344 (Iowa 1986).

 The individual claiming the violation of equal protection carries the burden of showing the classification "clearly, palpably and without doubt infringes on the constitution." *McMahon*, 522 N.W.2d at 56. Every reasonable doubt will be resolved in favor of constitutionality. *Id.* at 56–57. Therefore, Daniel must negate every conceivable basis which may support the classification and the classification must be sustained unless it is patently arbitrary and bears no relationship to a legitimate governmental interest. *See id.* at 57.

With these principles to guide us, we now turn to the statutes at issue.

B. Pursuant to section 321.555, Daniel was adjudicated an habitual offender for two DUS convictions and one OWI conviction. That Code section provides, in part:

> As used in this division, *"habitual offender"* means any person who has accumulated convictions for separate and distinct offenses described in subsection 1 . . . :
>
> 1. Three or more of the following offenses, either singularly or in combination, within a six-year period:
>
> *a.* Manslaughter. . . .
>
> *b.* [OWI].
>
> *c.* [DUS/DWB].
>
> *d.* Perjury. . . .
>
> *e.* An offense punishable as a felony under the motor vehicle laws of Iowa or any felony in the commission of which a motor vehicle is used.
>
> *f.* Failure to stop and leave information. . . .

The period of the revocation is from two-to-six years depending upon the type of offenses involved. *See* Iowa Code § 321.560. Each offense is assigned a certain number of points, and the total number of points scored determines the length of the barment. *See*

Iowa Admin. Code r. 761—615.9. Section 321.560 provides that a temporary restricted license may be obtained pursuant to section 321.215(2) only for individuals who were barred for three convictions for DUS/DWB.

Section 321J.4(8) creates an exception to section 321.560. That provision reads in pertinent part:

> A person whose motor vehicle license has either been revoked under this chapter, or revoked or suspended under chapter 321 solely for violations of this chapter, or who has been determined to be a habitual offender under chapter 321 based solely on violations of this chapter, and who is not eligible for a temporary restricted license under this chapter may petition the court upon the expiration of the minimum period of ineligibility for a temporary restricted license ... for an order to the department to require the department to issue a temporary restricted license to the person notwithstanding section 321.560.... The court shall determine if the temporary restricted license is necessary for the person to maintain the person's present employment.... [A] temporary restricted license [is] conditioned upon the person's certification to the court of the installation of approved ignition interlock devices....

Therefore, an habitual offender with three DUS/DWB convictions is eligible for a temporary restricted license under section 321.215(2), and an habitual offender with three OWI convictions is eligible for a temporary restricted license under section 321J.4(8), but an individual, such as Daniel, with two DUS/DWB convictions and one OWI conviction is not eligible for a temporary restricted license.

█ The legislature has singled out only the two previously described types of habitual offenders to be eligible for a temporary restricted license. This alone does not create an equal protection violation. Eligibility for a temporary restricted license is not a constitutional right, but a statutory privilege granted by the legislature. *See State v. Iowa Dist. Ct.*, 419 N.W.2d 398, 399 (Iowa 1988). Furthermore, we have previously determined that the statutory scheme of the habitual offender statute demonstrates the legislature's intent to differentiate between different types of habitual offenders. *See Iowa Dep't of Transp. v. Iowa Dist. Ct.*, 530 N.W.2d 725, 728 (Iowa 1995).

█ The legislature is not required to treat all habitual offenders the same: it may treat criminals differently. *See Bell*, 572 N.W.2d at 913. The classification must only be rational. *See id.* at 912. We conclude there are a number of possible rational reasons for the legislature's classifications.

The legislature may have concluded that an habitual offender with only DUS/DWB predicate offenses is less of a risk to the public because the offenses involve violations of licensing requirements and are not inherently dangerous crimes. The legislature could have also determined the offenses are relatively minor in comparison to the other offenses subject to habitual offender status. These rational reasons could support the legislature's determination that this classification of habitual offenders is entitled to the benefit of a temporary restricted license.

The foregoing reasons, however, do not necessarily hold true for a person convicted of three OWIs in a six-year span. A closer look at the history of the exception for OWI habitual offenders in section 321J.4(8), however, reveals a rationale for singling out only OWI offenders.

In 1990, the legislature amended section 321J.4(8) to permit OWI habitual offenders under section 321.555(1) to obtain a temporary restricted license under section 321J.4(8). This was likely in response to our decision in *State v. West*, 446 N.W.2d 777 (Iowa 1989).

In *West*, we held an habitual offender with three OWI convictions could not obtain a temporary restricted license under section 321J.4(8). *West*, 446 N.W.2d at 778. We found any rights West had to special driving permits were provided under the habitual offender statute, not the OWI chapter, because his revocation was pursuant to the habitual offender statute. *Id.* Because the habitual offender statute did not provide for

work permits for alcohol-related offenses, West was not entitled to a work permit. *Id.*

The practical impact of *West* and the statutory framework in place at that time was that an individual with three OWI convictions, but whose revocation was pursuant to section 321J.4(3) rather than section 321.555(1), would be eligible for a temporary restricted license under section 321J.4(8). Therefore, a rational reason for creating a separate classification for habitual offenders with only OWI convictions was to remedy the inequity between the chapter 321J revocation provisions and the habitual offender revocation provisions for persons with three OWI offenses.

This classification is not necessarily inconsistent with the remedial purpose of the habitual offender statute which is to ensure public safety. *See State v. Funke,* 531 N.W.2d 124, 126 (Iowa 1995). The legislature has required the installation of an ignition interlock device before habitual offenders with multiple OWI offenses are eligible for a temporary restricted license. *See* Iowa Code § 321J.4(8). This requirement demonstrates the legislature's consideration of the risk repeated OWI offenders may have to the motoring public. The legislature could have reasoned the ignition interlock device is a reasonable alternative to a full revocation, in light of the length of the revocation and its legitimate interest in promoting employment and public welfare.

■ Finally, in considering the reasonableness of the disparate treatment of individuals with three OWI or three DUS/DWB convictions with those having a combination of OWI and DUS/DWB convictions (Daniel's situation), the legislature could have concluded that an individual who has a combination of offenses is not deserving of the privilege to receive a temporary restricted license. The purpose of the habitual offender statute is to protect the public from drivers who refuse to observe the rules of prudence and safety. *Funke,* 531 N.W.2d at 126. The legislature

could have reasoned that a person with the propensity to habitually commit multiple *different* crimes is a more serious type of habitual offender, has a greater detrimental impact upon society, and is less deserving of the privilege of a temporary restricted license. *See Iowa Dep't of Transp.,* 530 N.W.2d at 728 (statutory scheme of habitual offender statute demonstrates legislative intent to differentiate between types of habitual offenders).

■ It is fully within the legislature's discretion to treat offenders differently, *see Bell,* 572 N.W.2d at 913, and it is constitutionally permissible for the legislature to deny work permits to certain offenders. *See State,* 419 N.W.2d at 399. We cannot say it was unreasonable for the legislature to determine that an individual, such as Daniel, who, shortly after his OWI conviction, was convicted of driving while his license was suspended due to the OWI incident, should not be given the privilege of a temporary restricted license.

## IV. Disposition.

The rational basis inquiry is not a stringent one; any possible legitimate state interest will suffice to uphold a classification. We conclude Daniel has failed to demonstrate that the statutory scheme for the issuance of temporary restricted licenses for habitual offenders lacks any rational basis. Accordingly, we sustain the writ of certiorari and vacate the district court's order directing the department to issue a temporary restricted license to Daniel.

**WRIT SUSTAINED.**