**IOWA DEPARTMENT OF TRANSPORTATION,**
Plaintiff,

v.

**IOWA DISTRICT COURT FOR WOODBURY COUNTY,**
Defendant.

No. 91–1197.

Supreme Court of Iowa.

July 22, 1992.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for plaintiff.

William Lane, Sioux City, for defendant.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and ANDREASEN, JJ.

SCHULTZ, Justice.

The issue in this appeal is whether the district court may properly order the issuance of a temporary restricted driver's license (work permit) pursuant to Iowa Code section 321J.4(8) (1991), to a habitual offender if one of the three violations committed by the offender was a violation of another Code chapter. We conclude that section 321J.4(8) only applies to violations of Iowa Code chapter 321J; therefore, we hold that the district court may not order the work permit. Consequently, we sustain the writ of certiorari.

In August 1988, the State of Iowa filed a petition to adjudicate Daniel Lindgren a habitual offender pursuant to Iowa Code section 321.555(1) (1987). Lindgren had two convictions for operating while under

the influence in violation of chapter 321J, and one conviction for driving while his operating privileges were suspended, a violation of Iowa Code section 321A.32. On October 5, 1988, the district court adjudicated Lindgren a habitual offender, as defined in Iowa Code section 321.555(1) (1987),[1] and ordered Lindgren not to operate a motor vehicle for six years from the date of judgment.

On May 1, 1991, Lindgren filed a motion asking the court to issue him a work permit pursuant to section 321J.4(8) (1991), in order that he could maintain his present employment. The State asserted that Lindgren was not a habitual offender based solely on violations of chapter 321J and emphasized that one of the convictions forming the basis of the habitual offender adjudication was under chapter 321A rather than under chapter 321J. In ruling on the motion, the district court rejected the State's contention and ordered the Iowa Department of Transportation (DOT) to award Lindgren a work permit.

We granted the DOT's petition for writ of certiorari challenging the district court's action. Our review of the district court's action is for correction of errors at law. *State v. District Court for Clayton County*, 419 N.W.2d 398, 399 (Iowa 1988).

■■■ The issue in this case is whether the district court correctly interpreted the provisions of Iowa Code section 321J.4(8) (1991), which provides in relevant part as follows:

A person whose motor vehicle license has either been revoked under this chapter, or revoked or suspended under chapter 321 solely for violations of this chapter, or who has been determined to be a habitual offender under chapter 321 based solely on violations of this chapter, and who is not eligible for a temporary restricted license under this chapter may petition the court for an order to the department to require the department to

issue a temporary restricted license to the person notwithstanding section 321.-560.

The district court construed the statutory language, "solely for violations of this chapter," as encompassing violations of Iowa Code chapters 321 and 321A through 321L.

The district court's conclusion is inconsistent with the plain language of section 321J.4(8). On its face, this section plainly limits the granting of work permits to drivers who have been determined to be a habitual offender solely on the basis of violations of "this chapter" which means "chapter 321J." The legislature's omission of citations to other Code chapters and inclusion of the express term "this chapter" reveals its intent to exclude violations of other Code chapters as a basis for obtaining a work permit under section 321J.4(8). *See Casteel v. Iowa Dep't of Transp.*, 395 N.W.2d 896, 898 (Iowa 1986). We conclude the terms of section 321J.4(8) are clear and unambiguous; thus, the district court erred in searching for a meaning beyond the express terms of section 321J.4(8). *See Clayton County*, 419 N.W.2d at 399.

The history of Iowa Code section 321J.4(8) supports our conclusion. This section was amended in response to this court's decision in *State v. West*, 446 N.W.2d 777 (Iowa 1989). Prior to amendment of section 321J.4(8) in 1990, subsection 8 only addressed a "person whose motor vehicle license has been revoked 'under this chapter....'" Iowa Code § 321J.4(8) (1989). We rejected the issuance of a work permit to a person adjudicated to be a habitual offender under chapter 321, Iowa Code section 321.555(1) (1987), even though the habitual offender adjudication was based solely on three OWI offenses under chapter 321J. *West*, 446 N.W.2d at 777–78. We reasoned that the terms of section 321J.4(8) "clearly limited the availability of work permits ... to those persons whose

---

**1.** Section 321.555(1) lists the type of offenses to be considered in determining whether an offender has accumulated three convictions which fall within the definition of "habitual offender." Subsection b lists "[o]perating a motor vehicle

in violation of section 321J.2," and subsection c lists "[d]riving a motor vehicle while operator's ... license is suspended or revoked." Iowa Code § 321.555(1)(b)–(c) (1987).

licenses have been revoked under this chapter." The effect of the legislature's post–*West* amendment to section 321J.4(8) was to allow some persons adjudicated to be habitual offenders under Iowa Code subsection 321.555(1) (1991), the opportunity to obtain a temporary restricted license, or work permit. The amended language did not change the requirement that the underlying violations must come solely from chapter 321J.

In summary, we hold the district court was without authority to order the issuance of a work permit under this record. Accordingly, we sustain the writ of certiorari and hold the issuance of the work permit is of no force and effect.

WRIT SUSTAINED.