Steven Merrill **WIEBENGA**, Appellee,

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.**

No. 94–601.

Supreme Court of Iowa.

April 26, 1995.

---

Thomas J. Miller, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and Kerry Anderson, Asst. Atty. Gen., for appellant.

Michael A. Bowman of Shimanek, Shimanek & Bowman, Monticello, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and TERNUS, JJ.

TERNUS, Justice.

██ The question presented here is whether blood test results that are inadmissible in a criminal proceeding may nevertheless be used as a basis to revoke a commercial driver's license. We think they may and so reverse the district court's ruling to the contrary.

## I. Background Facts and Proceedings.

Steven Wiebenga, appellee, was arrested and charged with operating a motor vehicle while intoxicated (OWI). *See* Iowa Code § 321J.2 (1993). At the time of his arrest, Wiebenga was operating a commercial motor vehicle and had a valid license to do so. Wiebenga consented to take a breath test which showed an alcohol concentration of 0.141. Because this result was more than the 0.04 level that triggers disqualification for a commercial motor vehicle license, the arresting officer immediately took possession of Wiebenga's commercial license. *See id.* § 321.208.

Several days later, the district court dismissed the criminal OWI action against Wiebenga. The court later expanded its dismissal order to explain that the action was dismissed because the arresting officer did not have reasonable grounds to believe a violation of section 321J.2 had occurred.

After these events, the Iowa Department of Transportation used the breath test results to disqualify Wiebenga from operating a commercial motor vehicle for one year. Based on the criminal dismissal, Wiebenga petitioned the Department to reopen his disqualification proceeding and rescind the commercial license disqualification. *See id.* § 321J.13(4) (allowing rescission of certain revocations when criminal charge dismissed). The Department denied Wiebenga's request in a final administrative decision.

Wiebenga then filed a petition for judicial review of the Department's decision. *See* Iowa Code § 17A.19 (1993). The district court reversed and ordered that the Department rescind its disqualification of Wiebenga from operating a commercial motor vehicle. The Department appealed. *See* Iowa Code § 17A.20 (1993).

## II. *Standard of Review.*

 When the district court exercises its powers of judicial review, it functions in an appellate capacity to correct errors of law. *Barker v. Iowa Dep't of Transp.,* 431 N.W.2d 348, 349 (Iowa 1988). We review a district court's decision rendered in an appellate capacity to decide whether the district court correctly applied the law. *Id.* The Department and the district court interpreted section 321J.13(4) differently. Therefore, we must determine which interpretation is correct. In cases involving interpretation of statutes that affect the Department's work, we defer to the Department's expertise unless the suggested interpretation is clearly erroneous. *Second Injury Fund v. Braden,* 459 N.W.2d 467, 468 (Iowa 1990).

## III. *Applicability of Iowa Code Section 321J.13(4).*

Wiebenga contends that Iowa Code section 321J.13(4) allows him to reopen the department hearing on the revocation of his commercial license. That statute makes rescission of a license revocation available under the following circumstances:

A person whose motor vehicle license or operating privilege has been or is being revoked under section 321J.9 or 321J.12 may reopen a department hearing on the

revocation ... or prevail at the hearing to rescind the revocation, if the person submits a petition stating that a criminal action on a charge of a violation of section 321J.2 filed as a result of the same circumstances which resulted in the revocation has resulted in a decision in which the court has held that the peace officer did not have reasonable grounds to believe that a violation of section 321J.2 had occurred to support a request for or to administer a chemical test....

Iowa Code § 321J.13(4) (1993). This section was enacted in 1986. 1986 Iowa Acts ch. 1220, § 13. Before the adoption of this section this court had repeatedly held that because criminal OWI cases and administrative license revocations were separate and distinct proceedings, evidence which was excluded in the criminal proceeding could still be used in the administrative proceeding. *See, e.g., Westendorf v. Iowa Dep't of Transp.,* 400 N.W.2d 553, 557 (Iowa 1987) (applying the 1985 Iowa Code); *Crosser v. Iowa Dep't of Pub. Safety,* 240 N.W.2d 682, 684 (Iowa 1976); *Carroll v. Iowa Dep't of Pub. Safety,* 231 N.W.2d 19, 21 (Iowa 1975); *Severson v. Sueppel,* 260 Iowa 1169, 1176, 152 N.W.2d 281, 285 (1967).

We have held that the legislature intended to remove some of the distinctions between criminal and administrative proceedings when it enacted section 321J.13(4). *Brownsberger v. Department of Transp.,* 460 N.W.2d 449, 451 (Iowa 1990). Therefore we concluded in *Brownsberger,* a case involving a regular driver's license, that section 321J.13(4) requires the Department to "rescind any license revocation that flows from police action that is subsequently found by the court to be without reasonable grounds for belief that the OWI law has been violated." *Id.* We must now decide whether this section applies to disqualification for a commercial driver's license as well. For the reasons stated below, we think it does not.

 Wiebenga argues that the triggering event for application of section 321J.13(4) is a finding of inadmissibility of test results rather than a revocation under section 321J.9 or 321J.12. We think both conditions are re-

quired before section 321J.13(4) applies. First, a person's motor vehicle license must be "revoked under section 321J.9 or 321J.12." Iowa Code § 321J.13(4) (1993). Second, the criminal action filed as a result of the same circumstances must result in a decision that the chemical test for blood alcohol was inadmissible or invalid. *Id.*

Here, Wiebenga's commercial license was revoked under section 321.208. Thus, Wiebenga does not satisfy the first requirement of section 321J.13(4), and the statute allowing reopening of a revocation hearing does not apply.

 Wiebenga argues that such a strict interpretation of section 321J.13(4) is illogical. We disagree. When interpreting statutes, we follow the rule that legislative intent is "expressed by omission as well as by inclusion." *Barnes v. Iowa Dep't of Transp.*, 385 N.W.2d 260, 263 (Iowa 1986). The express mention of certain sections implies the exclusion of others. *Id.* Iowa Code section 321J.13(4) expressly includes only revocations under sections 321J.9 and 321J.12. However, persons who choose to drive motor vehicles while intoxicated risk losing their driving privileges by reason of several statutes in addition to sections 321J.9 and 321J.12. *See* Iowa Code §§ 321.205, .208, .560 (1993). If the legislature had intended to include disqualification for a commercial driver's license under section 321.208 within the scope of section 321J.13(4), we believe it would have specifically mentioned section 321.208 in the statute. Because it did not, we conclude that section 321J.13(4) does not apply to disqualification for a commercial driver's license.

Furthermore, we have repeatedly emphasized the high priority our legislature has given to the enforcement of laws prohibiting drunk driving. *Westendorf*, 400 N.W.2d at 557; *Veach v. Iowa Dep't of Transp.*, 374 N.W.2d 248, 250 (Iowa 1985). Persons who possess a commercial driver's license are held to higher standards than persons holding a normal driver's license. *See* Iowa Code § 321.188 (1993). Stricter requirements are understandable because persons holding a commercial license drive bigger vehicles and are entrusted with important tasks such as transporting large numbers of persons and hazardous wastes. *See id.* §§ 321.1(12), .184(2). Therefore, we think it is logical that the legislature would distinguish the operators of commercial vehicles from the operators of ordinary motor vehicles in deciding whether to use reliable evidence of intoxication in revocation proceedings, even if that information is inadmissible in criminal proceedings.

The Department was correct in its interpretation of section 321J.13(4). Therefore, we reverse and remand with directions to the district court to enter an order reinstating Wiebenga's revocation.

**REVERSED AND REMANDED.**