611 N.W.2d 286 (2000)
Zacharia Abraham GARWICK, Appellant,
v.
IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, and Darrell Rensink, Director, Iowa Department of Transportation, Appellees.
No. 98-1947.
Supreme Court of Iowa.
June 1, 2000.
*287 Joel W. Bittner and Blaine B. Hudnall, Des Moines, for appellant.
Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Carolyn Olson, Assistant Attorney General, for appellees.
Considered en banc.
TERNUS, Justice.
The appellant, Zacharia Garwick, claims his prior revocation under Iowa's "zero-tolerance" law for minors should not be used to lengthen his current revocation, imposed for an operating-while-intoxicated violation. We disagree and affirm.

I. Background Facts and Proceedings.

In 1996, when Garwick was eighteen years old, his driver's license was revoked for sixty days pursuant to Iowa Code section 321J.12(5) (Supp.1995). This revocation was based on Garwick's violation of Iowa Code section 321J.2A (Supp.1995), which prohibits a person under the age of twenty-one from driving while having an alcohol concentration of .02 or more. *288 Upon expiration of this revocation, Garwick again obtained a driver's license.
In April of 1998, Garwick was arrested and charged with operating while intoxicated (OWI) in violation of Iowa Code section 321J.2 (Supp.1997), which prohibits the operation of a motor vehicle while having an alcohol concentration of .10 or more. An intoxilyzer test revealed that Garwick's blood alcohol concentration exceeded .10. The Iowa Department of Transportation (DOT) revoked Garwick's license for one year pursuant to Iowa Code section 321J.12(1), which requires the DOT to revoke the driver's license of any person whose chemical test indicates an alcohol concentration of .10 or more.[1] If the person has had no prior revocation "under this chapter," the DOT must revoke the person's license for 180 days. See Iowa Code § 321J.12(1)(a). If "the person has had a previous revocation under this chapter," the current revocation is extended to one year. See id. § 321J.12(1)(b).[2]
Garwick contested his one-year revocation, claiming that his prior revocation under section 321J.2A should not be used to enhance the length of his current revocation. The administrative law judge ruled that section 321J.12(1)(b) required such an enhancement. This ruling was affirmed on an intra-agency appeal and again on judicial review by the district court.
On his appeal to this court, Garwick continues to assert that a prior revocation under chapter 321J's "zero-tolerance" provision, section 321J.2A, should not be treated the same as a prior revocation under the driving-while-intoxicated provision, section 321J.2, for purposes of extending the revocation imposed for a subsequent OWI violation. He also argues that revocation of his license for more than 180 days violates his constitutional right against double jeopardy. See U.S. Const. amend. V. The State alleges that the latter claim was not preserved for review. We discuss the error preservation issue first.

II. Double Jeopardy ClaimError Preservation.

"Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal." State v. McCright, 569 N.W.2d 605, 607 (Iowa 1997). Garwick asserts that he adequately raised the constitutional challenge to his revocation in his petition for judicial review by alleging that the DOT's decision was "in violation of [a] statutory provision [and was] made upon unlawful procedure." This language comes directly from Iowa Code section 17A.19(8) (1997), which enumerates general reasons that provide a basis for the district court to take corrective action on judicial review. Garwick's allegation in his petition for judicial review is far too unspecific to preserve a double jeopardy challenge. See Office of Consumer Advocate v. Iowa State Commerce Comm'n, 465 N.W.2d 280, 283 (Iowa 1991) (holding that an issue must be raised "with sufficient precision to alert the [court] to the error being claimed"). Not only did the allegation in Garwick's petition for judicial review fail to mention that the claimed illegality was based on the Double Jeopardy Clause, it did not even identify the violation as being constitutional in nature.
Additionally, in cases seeking review of agency action, "[c]onstitutional issues must be raised at the agency level to be preserved for judicial review." Soo *289 Line R.R. v. Iowa Dep't of Transp., 521 N.W.2d 685, 688 (Iowa 1994) (emphasis added). There is nothing in the record before us that indicates the double jeopardy issue was raised in the proceedings before the DOT. Therefore, Garwick has failed to preserve this issue for our review.
III. Extension of Revocation Period for Prior Section 321J.2A Revocation.
A. Scope of review. "When the district court exercises its powers of judicial review, it functions in an appellate capacity to correct errors of law." Wiebenga v. Iowa Dep't of Transp., 530 N.W.2d 732, 734 (Iowa 1995). In reviewing such a decision, this court determines whether the district court correctly applied the law. See id.
B. Discussion of merits. Garwick challenges only the length of the revocation imposed on him pursuant to section 321J.12(1). As noted earlier, a one-year revocation is required "if the person has had a previous revocation under this chapter." Iowa Code § 321J.12(1)(b). Therefore, we focus on the quoted language to determine whether the DOT properly imposed a one-year revocation.
As discussed above, when Garwick was eighteen years old, his license was revoked for sixty days pursuant to section 321J.2A, which states in pertinent part:
A person who is under the age of twenty-one shall not operate a motor vehicle while having an alcohol concentration ... of .02 or more. The motor vehicle license ... of a person who is under the age of twenty-one and who operates a motor vehicle while having an alcohol concentration of .02 or more shall be revoked ... for a period of time specified under section 321J.12.
Iowa Code § 321J.2A (emphasis added). Clearly, Garwick's prior loss of his license constituted a "revocation," and this revocation was indisputably required by a provision of the Iowa Code found in chapter 321J, namely section 321J.2A.
Notwithstanding the logic of this analysis, Garwick contends that the phrase "under this chapter" as it is used in section 321J.12(1)(b) does not really mean any revocation under chapter 321J, but is instead limited to revocations under section 321J.2. He offers several policy reasons supporting his contention that the legislature surely did not mean to include a revocation under Iowa's "zero-tolerance" law for minors within the class of revocations that could be used to lengthen an OWI revocation.
Garwick's argument flies in the face of the long-settled principle of statutory construction that when a statute is plain and its meaning clear, the court should not reach beyond the express terms of the statute. See Iowa Dep't of Transp. v. Iowa Dist. Ct. for Woodbury County, 488 N.W.2d 174, 175 (Iowa 1992); State v. West, 446 N.W.2d 777, 778 (Iowa 1989). Only when the terms of a statute are ambiguous do we engage in an analysis of legislative intent by applying rules of statutory construction. See State v. Guzman-Juarez, 591 N.W.2d 1, 3 (Iowa 1999); Lockhart v. Cedar Rapids Community Sch. Dist., 577 N.W.2d 845, 847 (Iowa 1998). Here, an examination of the express terms of the statute reveals that the term "this chapter" clearly refers to chapter 321J and we have so held under nearly identical circumstances.
In the Woodbury County case, this court considered the meaning of the words "this chapter" as used in section 321J.4(8), which allows the issuance of a temporary restricted license to persons whose license is currently revoked. 488 N.W.2d at 175. Section 321J.4(8) limits eligibility for a temporary license to those persons whose license "has either been revoked under this chapter, or revoked or suspended under chapter 321 solely for violations of this chapter." Id. (emphasis added) (quoting Iowa Code section 321J.4(8) (1991)). This court held that the terms of the statute were clear and unambiguous. Id. Therefore, *290 we looked to the express terms of the statute to ascertain the legislature's intent.[3]Id. In doing so, we concluded that the words "this chapter" referred to chapter 321J. Id.; accord State v. Vargason, 607 N.W.2d 691, 698-99 (Iowa 2000) (interpreting the phrase "this chapter" as used in Iowa Code section 321J.4(9) (1999) as referring to chapter 321J); cf. Searls v. Iowa Dep't of Transp., 405 N.W.2d 808, 810 (Iowa 1987) (interpreting the words "this chapter" as used in Iowa Code section 321B.16 (1983) to mean chapter 321B).
Although Garwick argues that the rationale of the Woodbury County case is limited to section 321J.4(8), we find no reasonable basis upon which to distinguish the identical language used in section 321J.12(1)(b). There is nothing in the context of section 321J.12(1)(b) that renders the words "this chapter" ambiguous. Therefore, we give these words the same meaning we gave them in section 321J.4(8); they refer to chapter 321J.
Garwick's argument that the interpretation placed on this statute by the DOT is "strained, impractical or absurd" also lacks merit. There is nothing strained, impractical or absurd about a legislative intent to remove repeat offenders from the highways for a longer period of time than those who have violated chapter 321J only once. Garwick has previously violated the law with respect to drinking and driving; therefore, treating him as a repeat offender is not strained, impractical or absurd.
In summary, because Garwick's prior revocation was pursuant to section 321J.2A, it was a revocation under "this chapter" and was properly considered by the DOT in determining the length of Garwick's current revocation. The district court did not err in so ruling.
AFFIRMED.
All justices concur except CADY, J., who takes no part.
NOTES
[1] There are additional prerequisites set forth in section 321J.12(1) that must be met before the DOT is required to revoke a person's license, but these requirements are not relevant to the issues in this case.
[2] Although Garwick's conduct in 1998 also violated Iowa Code section 321J.2A (1997), as he was under twenty-one at the time of this offense, section 321J.2A provides that if the minor is convicted of a violation of section 321J.2, any revocation imposed as a result of that violation supercedes the revocation required by section 321J.2A.
[3] It is true, as Garwick points out in his brief, that this court discussed the legislative history of section 321J.4(8) in the Woodbury County case. The legislative history was merely used, however, to bolster the conclusion this court had already reached that the plain meaning of the express terms of the statute required the court to interpret the phrase "this chapter" to refer to chapter 321J. The court simply observed that the amendments to the statute "did not change the requirement that the underlying violations must come solely from chapter 321J." Woodbury County, 488 N.W.2d at 176. An analysis of legislative history was not necessary to our holding in Woodbury County and is not required in the case before us.