ZAGER, Justice
(concurring in part and dissenting in part).
I respectfully concur in part and dissent in part. I agree with the majority that it does not violate due process to order release with supervision, pursuant to Iowa Code section 229A.9A, of a person previously civilly committed as a sexually violent predator. This, even after a finding the person is no longer more likely than not to engage in further predatory acts. I disagree, however, with the majority’s decision to further address the constitutionality of the specific release conditions ordered by the district court because that issue is not properly before this court. Consequently, I would not remand the case to the district court but would affirm the judgment of the district court in its entirety.
The only issue raised on appeal is whether the release-with-supervision provision found in Iowa’s Sexually Violent Predator Act is facially invalid under the Due Process Clauses of the Iowa and the United States Constitutions. See Iowa Code § 229A.9A (2013); State v. Hernandez-Lopez, 639 N.W.2d 226, 235 (Iowa 2002) (distinguishing between facial and as-applied constitutional challenges for purposes of mootness). In his brief, Mat-lock asserts, “The district court order imposing a period of release with services after a finding that Matlock no longer suffers a mental abnormality violates his right to due process.” The brief makes only a passing objection to the breadth of the specific terms of supervision imposed by the district court. However, in context it is clear Matlock intends this reference to demonstrate that imposing any such restrictions constitutes a significant deprivation of liberty. Matlock makes no argument that the breadth of the release conditions somehow violates due process. Correspondingly, he offers this court no guidance as to the parameters of release that would satisfy due process. State v. Iowa Dist. Ct., 828 N.W.2d 607, 619 (Iowa 2013) (Appel, J., dissenting) (recognizing that lack of briefing and argumentation can lead to problems in the development of the law and noting that “[o]ur precedents require us to defer to another day the other issues that the litigants have not brought to us”). The sole remedy he requests is that we find Iowa Code section 229A.9A unconstitutional and remand this case to the district court to order complete discharge; he does not request that we remand this case to the district court to determine what terms of supervision are appropriate or meet due process. On its own, the majority now fashions a protocol that it believes the district court should consider in tailoring an appropriate release plan. The majority undertakes this task without the parties requesting that it do so and without the benefit of any briefing or argument by the parties. See State v. McKinley, 860 N.W.2d 874, 884 n. 6, 2015 WL 1087972 (Iowa 2015) (declining to address nondis- *910 positive but important issue where parties agreed case could be resolved on other grounds and noting it was appropriate to defer resolution of the issue until such time “we [are] confronted] [by] a case in which it might be dispositive”).
Additionally, the issue of whether the specific release conditions imposed by the district court in this case violate due process has not been properly preserved for our review. “ ‘It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.’ ” Lamasters v. State, 821 N.W.2d 856, 862 (Iowa 2012) (quoting Meier v. Senecaut, 641 N.W.2d 582, 587 (Iowa 2002)). Our error preservation rules apply with equal force to constitutional issues. See Taft v. Iowa Dist. Ct., 828 N.W.2d 309, 322 (Iowa 2013) (“Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal.”); Hernandez-Lopez, 639 N.W.2d at 233 (noting that error preservation rules apply to constitutional issues); Garwick v. Iowa Dep’t of Transp., 611 N.W.2d 286, 288 (Iowa 2000) (“ ‘Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal.’ ” (quoting State v. McCright, 569 N.W.2d 605, 607 (Iowa 1997))).
Our error preservation rules serve important purposes. As we have previously explained,
[B]ased upon considerations of fairness, ... this court is not ordinarily a clearinghouse for claims which were not raised in the district court[.] [I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.
Bill Grunder’s Sons Constr., Inc. v. Ganzer, 686 N.W.2d 193, 197 (Iowa 2004) (alterations in original) (internal quotation marks omitted). In addition to fairness considerations, these rules also serve functions of judicial economy by “avoiding proceedings that would have been rendered unnecessary had an earlier ruling on the issue been made.” Top of Iowa Coop. v. Sime Farms, Inc., 608 N.W.2d 454, 470 (Iowa 2000).
In 'the proceedings before the district court, and as framed in this appeal, Mat-lock’s lone argument was that imposing release with services after a finding that he no longer suffers from a mental abnormality violates due process. Specifically, at the annual review hearing in October Matlock’s counsel argued:
[I]f the Court decides he’s discharged, then the Court, under 229A.9A can order release with or without supervision. I believe ... that statute is unconstitutional.
[[Image here]]
The only way Mr. Matlock has been held against his will for 11 years is because of that mental abnormality.... [It] has now been found that he no longer has a mehtal abnormality. It is now unconstitutional to ... deprive him of freedom because of 229A, ... saying that 229A.9A(1)(b) says the Court or jury has determined that the person should be discharged from the program but the Court has determined that it is in the best interests of the community to order release with or without supervision before the committed person is discharged.
The district court overruled Matlock’s constitutional objection by oral ruling on the *911 record, which it later confirmed in its written ruling.
At the subsequent hearing in November, at which the specific conditions of release were addressed, Matlock reasserted this same argument:
Again, we object to the statute that allows the Court to impose a release with supervision if the Court finds it is in the best interests of the community....
... We have determined in this proceeding that Mr. Matlock no longer suffers from a mental abnormality.... I think everyone would agree that we cannot initially commit anyone on the basis of for the best interests of the community. That would be a violation of due process.
In the same respect, we cannot now retain a release with supervision plan on him on just that basis alone: It’s a violation of due process.... [T]he plan that’s contemplated could be -violated by any numerous violations having nothing to do with sexual reoffending and being placed back into the facility simply known as CCUSO. For those reasons, any release with supervision plan is a violation of his due process.
(Emphasis added.) At this hearing, Mat-lock only objected to the imposition of $800 in treatment and supervision fees and to the timing of the review of his supervision. Specifically, Matlock argued he should be reviewed in six as opposed to twelve months. Significantly, Matlock did not assert, or even intimate, that any conditions of his release violated due process. After hearing, the district court again overruled Matlock’s constitutional objection in its November 18 order, noting: “Respondent’s counsel renewed their constitutional objections to any level of supervision. The Court took the objections under advisement but now overrules those objections.” (Emphasis added.)
The record shows that in the district court proceedings Matlock never argued that any of the proposed release conditions violated due process, the district court did not pass on the constitutionality of the specific release conditions, and Matlock did not file a motion requesting a ruling in order to preserve error for appeal. Rather, Matlock’s lone argument was that the imposition of any conditions of release violates due process. There was no argument as to which provisions of the proposed release plan violated due process. Counsel’s summary of Matlock’s argument at the underlying hearing — the same argument he makes on appeal in both his brief and at oral argument — clearly shows that Matlock challenged the imposition of any release with supervision plan, categorically. This is clearly how the district court understood his argument: “Respondent’s counsel renewed their constitutional objections to any level of supervision.” (Emphasis added.) Matlock has waived the issue on appeal.
I recognize that we have an obligation to construe the law in resolving legal issues presented on appeal independent of any construction advocated by the parties. But our obligation to do so exists within the confines of the issues raised by the parties. See Feld v. Borkowski 790 N.W.2d 72, 78 (Iowa 2010) (“Our obligation on appeal is to decide the case -within the framework of the issues raised by the parties.”). “[I]n the absence of the most cogent circumstances, we do not create issues....” Id. at 78 n. 4 (collecting cases). True, we have previously recognized that we will address issues that are “incident to” a determination of other issues properly presented. See Messina v. Iowa Dep’t of Job Serv., 341 N.W.2d 52, 58, 61 (Iowa 1983) (addressing issue of whether plaintiff *912 had contractually waived his First Amendment rights when defendant had not raised that issue before the district court and holding “the waiver issue may be determined as an incident to the expressed issue”); Presbytery of Se. Iowa v. Harris, 226 N.W.2d 282, 234 (Iowa 1975); see also State v. Lyle, 854 N.W.2d 378, 382-83 (Iowa 2014) (recognizing that categorical constitutional challenge was “fundamentally similar” to as-applied constitutional challenge initially raised on appeal). However, this exception to our error preservation rules is rarely invoked and ill developed. See Thomas A. Mayes & Anuradha Vaitheswaran, Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice, 55 Drake L.Rev. 39, 50 (2006) (“It is not, however, entirely clear what ‘incident to a determination of other issues properly presented’ actually means.” (Footnote omitted.) (quoting Harris, 226 N.W.2d at 234)). Compare Feld, 790 N.W.2d at 78 n. 4 (declining to address issue not presented by the parties), with Feld, 790 N.W.2d at 84 (Appel, J., dissenting) (concluding issue not presented by the parties was “incident to” a determination of properly presented issues because they were inherently intertwined). In my opinion, the issue of whether any of the specific release conditions imposed in this case violated due process is not incident to the issue of whether the imposition of release with restrictions under the statute is constitutional. We should leave this determination for another day.
The issue has never been framed as a challenge to any specific restrictions in the release plan. The parties never requested that we formulate a test for determining when specific conditions of release would satisfy due process, or provide the district court with guidance as to what release conditions would do so. And it is in no way necessary that we resolve this issue in order to address the issue that is properly presented in this case. Thus, we should follow our typical practice of moving the law forward incrementally and wait for a case that requires us to craft a test for determining when specific conditions of release violate due process. See State v. Pearson, 836 N.W.2d 88, 99 (Iowa 2013) (Cady, C.J., concurring specially) (recognizing value of moving the law forward on an incremental basis). Preferably, a case in which the parties ask us to do so and actually brief the issue. See State v. Hoeck, 843 N.W.2d 67, 71 (Iowa 2014) (recognizing value of having a fully developed record and full briefing before addressing an issue, and noting “it would be a disservice to [the defendant], the State, and our system of justice to decide these claims without a thorough vetting of the claims in the district court”); cf. Lyle, 854 N.W.2d at 383 (“The supplemental briefing we ordered, combined with the categorical nature of the relief [sought] also obviates in this narrow circumstance the need for more thorough briefing in the district court.” (Emphasis added.))., Instead, the majority today simply identifies an issue it finds problematic, but not raised or briefed by the parties, and weaves a new legal test out of whole cloth.
We should reserve this question for a future case where the parties actually brief and argue it and where error is properly preserved. The question of whether any of the specific release provisions imposed in this case violate due process is not so closely intertwined with the question of whether imposing any release conditions does so, categorically. We should not sua sponte attempt to formulate guidelines and parameters without full briefing and arguments of the parties and other interested individuals. After today, without any input from the parties, the ill-defined “balancing test” to be utilized by the district court is settled. Because this issue was *913 not raised as part of this appeal, raised before the district court, decided by the district court, and is not an issue we must necessarily resolve in order to address the issue properly raised in this appeal, we should not deviate from our normal process of waiting for a case where an issue is properly presented. I would not decide it here. Remand to the district court is unnecessary.