# IN THE COURT OF APPEALS OF IOWA

No. 18-0255
Filed January 23, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARK EDWARD WILCOX,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris, District Associate Judge.

The defendant appeals the district court's denial of his petitions to expunge convictions. **AFFIRMED.**

Craig C. Ament of Ament Law Firm, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Chief Judge.**

On July 1, 2009, Mark Edward Wilcox pled guilty to public intoxication, third offense, in violation of Iowa Code sections 123.46 and 123.91 (2009) in case number AGCR160217. On May 24, 2013, Wilcox pled guilty to public intoxication, third offense, in violation of Iowa Code sections 123.46 and 123.91 (2013) in case number AGCR190587. Wilcox filed a petition to expunge the conviction under Iowa Code section 123.46(6) (2017) for case number AGCR190587 on December 7, 2017, and a separate petition to expunge the AGCR160217 conviction on December 14, 2017. A hearing was held on both petitions on January 19, 2018. The district court, in separate, subsequent rulings, denied both petitions for expungement, holding:

> The court will follow the clear language of the introductory sentence of section 123.46(6) which states "Upon the expiration of two years following conviction for a violation of *this* section, a person may petition the court to expunge the conviction . . . ." The court places controlling emphasis on the qualifying word "this" to conclude that the expungement provision of section 123.46(6) will cross reference the simple misdemeanor offense identified in section 123.46(2) and (3), only, and that the expungement provision is exclusive to the simple misdemeanor offense.

(Emphasis added). Moreover, the district court reasoned that "[i]f the Iowa legislature had intended to have the expungement provision apply in this matter a simple fix would have included the words 'or of section 123.91' immediately following the words 'this section.'"

On appeal, Wilcox argues the district court misinterpreted Iowa Code section 123.46(6) and therefore erred by denying his petitions for expungement. Our review of statutory interpretation is for correction of errors at law. *State v. Garcia*, 756 N.W.2d 216, 220 (Iowa 2008). Iowa Code section 123.46(6) provides,

> Upon the expiration of two years following conviction for a violation of this section . . . , a person may petition the court to expunge the conviction . . . , and if the person has no other criminal convictions, other than local traffic violations or simple misdemeanor violations of chapter 321 during the two-year period, the conviction . . . shall be expunged as a matter of law.

Because section 123.46(6) uses the phrase "this section"—relating to simple misdemeanors—and fails to include any other section, it appears the legislature did not intend it to apply to violations under other sections, including the aggravated misdemeanor section under Iowa Code section 123.91(2) for "third and each subsequent conviction." *See Iowa Dep't of Transp. v. Iowa Dist. Court*, 488 N.W.2d 174, 175 (Iowa 1992) ("The legislature's omission of citations to other Code chapters and inclusion of the express term 'this chapter' reveals its intent to exclude violations of other Code chapters . . . ."). We find the district court correctly interpreted the applicable statute and affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**