# IN THE COURT OF APPEALS OF IOWA

No. 22-1909
Filed October 11, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALLYSON MARIE NIICHEL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clay County, Andrew J. Smith,

District Associate Judge.


        Allyson Niichel appeals her convictions, challenging the denial of her motion

to suppress evidence. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Allyson Niichel appeals her convictions for operating while intoxicated, first offense, and possession of a controlled substance, methamphetamine. She challenges the denial of her motion to suppress evidence obtained as a result of the traffic stop. Because the traffic stop was lawfully extended in duration and Niichel's secondary argument is unpreserved, we affirm the trial court's denial of the suppression motion and her convictions.

## I.    *Background Facts and Proceedings.*

Early morning on August 21, 2021, Deputy Sheriff Tyler Heck was on routine patrol in rural Clay County when he observed both a car and motorcycle driving toward his parked patrol vehicle. Upon reaching the intersection where Heck was parked, the two vehicles made an immediate U-turn. Finding this behavior suspicious, Heck followed the vehicles. When he noticed the car had an unilluminated license plate, he initiated a lawful traffic stop. *See* Iowa Code § 321.288 (2021) (requiring illumination of the rear license plate). Niichel was the driver of this car. Meanwhile, the motorcycle continued driving away.

Heck testified that when he approached Niichel's driver side window, he noticed signs of impairment. This included "[s]low speech, the slow response, droopy eyelids, no eye contact, [and] dilated pupils." He also found Niichel's answers suspicious. For example, when asked where she was going, Niichel was evasive. She stated she was following a "friend" to drop off a motorcycle, but she refused to give further details. According to Heck's testimony, the car and motorcycle were driving in a known narcotics area. He also recognized the vehicle Niichel was driving as he had previously spotted it parked at a known drug house.

Further, Niichel had been stopped near another known drug house just days earlier and had been warned about the license plate light.

On these bases, Heck believed Niichel was impaired on a substance other than alcohol. He extended the length of the stop to conduct field sobriety testing. During testing, Heck observed Niichel's performance was inconsistent. Because her performance added to his suspicions that she was impaired, Heck invoked implied consent. He brought Niichel to the Clay County Jail to obtain a urine sample. The sample later tested positive for methamphetamine. Law enforcement additionally searched the vehicle pursuant to a search warrant, where they discovered methamphetamine and marijuana in Niichel's purse.

Niichel was charged with Count I, operating while intoxicated; Count II, possession of a controlled substance, marijuana; and Count III, possession of a controlled substance, methamphetamine. She moved to suppress evidence obtained as a result of the traffic stop, alleging the traffic stop was unconstitutionally extended outside the acceptable duration. The district court denied the motion. The parties stipulated to a trial on the minutes. Following trial, Niichel was convicted of Counts I and III. She timely appealed. Niichel now argues on appeal that her motion to suppress should have been granted and the applicable evidence suppressed.

## II.     Scope and Standard of Review.

We review suppression rulings for constitutional issues de novo. *State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019). "We examine the whole record and make an independent evaluation of the totality of the circumstances." *Id.* (internal quotation marks omitted) (quoting *State v. Coffman*, 914 N.W.2d 240, 244 (Iowa

2018)). This review is conducted independently for every case. *Id.* While we give "deference to the factual findings of the district court due to its opportunity to evaluate the credibility of the witnesses," its ruling is not binding on us. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

### III.    Discussion.

Niichel challenges the district court's suppression ruling, stating it violated the Fourth Amendment of the U.S. Constitution and Article 1, section 8 of the Iowa Constitution. U.S. Const. amend. IV; Iowa Const. art. I, § 8. She does not argue the *incidence* of the traffic stop was unconstitutional, only that the *extension* of the stop exceeded the allowable duration and scope. She also argues the motion to suppress should have been granted and evidence obtained as a result of the stop be suppressed.

We separate Niichel's two arguments (the duration and scope of the stop) into separate analyses because of past precedent interpreting the Iowa Constitution. *Compare In re Prop. Seized from Pardee*, 872 N.W.2d 384, 396–97 (Iowa 2015) (focusing analysis on duration of the traffic stop), *with State v. Warren*, 955 N.W.2d 848, 865–67 (Iowa 2021) (focusing analysis on scope of the traffic stop). While Niichel argues duration and scope are necessarily intertwined and should therefore not be analyzed independently, we have previously declined to adopt this view. *See, e.g.*, *State v. Britcher*, No. 20-1142, 2021 WL 2452069, at *3 (Iowa Ct. App. June 16, 2021) (citing *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)). And though Niichel tries to persuade us to amend our view, we are not at liberty to overturn controlling precedent. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). Therefore, we continue separate analyses.

*A. Extended Duration of the Traffic Stop.*

Niichel first contends the duration of the traffic stop was unlawfully extended, and that Heck conducted field sobriety tests without reasonable suspicion, which prolonged the time of the stop. The Fourth Amendment protects individuals from unreasonable interference by the government. *Pals*, 805 N.W.2d at 773; U.S. Const. amend. IV. The Iowa Constitution likewise provides the same protections from searches and seizures. *Warren*, 955 N.W.2d at 859 (citing Iowa Const. art. I, § 8). We interpret the Iowa Constitution alongside its federal counterpart "due to their nearly identical language," although the two are not the same. *Id.* "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of this provision." *Pals*, 805 N.W.2d at 773 (quoting *Whren v. United States*, 517 U.S. 806, 809–10 (1996)). Such seizure is analyzed for reasonable suspicion when law enforcement expands the stop to other unrelated criminal activities. *Id.* at 776. This analysis requires "specific and articulable facts which, taken together with rational inferences from those facts, amount to reasonable suspicion that further investigation is warranted." *State v. Salcedo*, 935 N.W.2d 572, 578 (Iowa 2019). Reasonable suspicion is similarly considered in traffic stops when law enforcement extends the duration past the time necessary to conclude the stop. *State v. Coleman*, 890 N.W.2d 284, 301 (Iowa 2017). Even so, when unrelated suspicions are raised, the officer can lawfully extend the stop to dispel such suspicions. *See State v. Aderholdt*, 545 N.W.2d 559, 564 (Iowa 1996).

Niichel bases her argument on the length of time necessary to issue an equipment-violation ticket. She also contends the evidence offered did not confirm impairment nor was her driving of concern based on the initial reason for the stop. But her arguments do not reflect the standard we use. We need not corroborate testimony with body camera footage but instead view all evidence based on the specific circumstances present here. *See Fogg*, 936 N.W.2d at 667. We similarly do not limit law enforcement to the initial reason for the stop but allow extensions when additional suspicions arise. *Aderholdt*, 545 N.W.2d at 564.

There are specific articulable facts here that suggest Niichel may have been impaired. Heck testified he observed Niichel's dilated pupils and lack of eye contact. Her answers to his inquiries were indirect and slow. He recognized her vehicle as being in the area of known drug houses, both at the time of the stop and on two previous occasions. Based on these observations, Heck's training and experience prompted him to initiate certain testing protocols, even if they necessarily extended the duration of the stop. Based on the totality of the circumstances, there was reasonable suspicion that Heck was entitled to confirm or dispel. Because the time to complete the traffic stop was lawfully extended, the trial court's denial of the suppression motion was proper and we likewise affirm.

*B. Extended Scope of the Traffic Stop.*

Similarly, Niichel contends the district court erred by declining to suppress evidence obtained as a result of a traffic stop that unlawfully exceeded its scope. The parties dispute whether this issue was adequately preserved for appeal. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."

*Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (quoting *Meier*, 641 N.W.2d at 537).  Constitutional issues are no exception.  *See Garwick v. Iowa Dep't of Transp.*, 611 N.W.2d 286, 288 (Iowa 2000).  While Niichel properly moved to suppress the traffic-stop evidence, she neglected to include the scope of the stop as grounds.  Therefore, we find the claim unpreserved for appeal and decline to consider it.

### IV.    Disposition.

Because the traffic stop was lawfully extended, we affirm the denial of the suppression motion.  Similarly, we affirm Niichel's convictions for operating while intoxicated and possession of methamphetamine.

**AFFIRMED.**